SAVOY, Judge.
This is a workmen’s compensation suit instituted by plaintiff against defendant workmen’s compensation insurance carrier for the City of Lake Charles, Louisiana.
For a cause of action, plaintiff alleged that on March 18, 1958, he was employed as a city policeman for the City of Lake Charles. While in the course of his employment he forcefully took an intoxicated prisoner to the city police station, and he felt a sudden pain and burning sensation in his lower right abdomen. He alleged that he told some of his fellow officers about the incident, but that he continued to work until November 19, 1958, when the pain became acute and he consulted on that date his personal physician, Dr. Robert Emmett, and the doctor advised him that he had a right inguinal hernia.
Defendant in its original answer denied the allegations of plaintiff’s petition. Defendant also filed a supplemental and amended answer. We will not discuss the supplemental answer as it is not necessary in order to reach a decision in this case.
After a trial on the merits, the district court held that the plaintiff had not established his case with that certainty required by law, rejected his demands and dismissed his suit. Plaintiff appealed from that judgment.
The question for determination is whether plaintiff sustained an accident in the course and scope of his employment resulting in the alleged injury.
The evidence reflects the following facts: Plaintiff stated at the trial that he felt a sudden sharp pain on March 18, 1958, while escorting a prisoner to a cell in the city jail, but that he did not make an official report to any of his superiors nor did he stop working until his visit to Dr. Emmett in November of 1958, when he learned that he had a hernia in his right side. He stated further that at the time of the alleged accident, he and Albert LeBleu, a fellow employee, were assigned to duty on the night in question and after the prisoner was placed in the city jail, he mentioned to LeBleu that he had hurt his side. Although he continued to *896 work with Officer LeBleu for several months, he never again mentioned to said officer the alleged accident or that he was in pain. Plaintiff also testified that he mentioned the accident to Albert Flores, a member of the Lake Charles Police Force, the next day. Flores testified that plaintiff told him he thought he had hurt his right side the previous night. Flores stated that plaintiff did not say he was in pain at the time. The record shows that from March 18, 1958, until the visit to Dr. Emmett in November, 1958, plaintiff made no complaint to anyone about the injuries which he states he sustained. He had visited Dr. Emmett in August and September of 1958 for matters unrelated to the hernia in the instant case, but did not, on those visits, complain of any symptoms of the hernia in question.
The record also reveals that plaintiff had sustained three previous hernias and had operations for all of these some time prior to 1958.
Counsel for plaintiff, in brief and in oral argument, stated that the district judge had misapplied the law of this state to the facts in the instant case.
This Court is of the opinion that the instant case involves a question of fact, namely, whether plaintiff suffered the injury complained of while in the course and scope of his employment for the City of Lake Charles.
We agree with the summary of the case as set forth in the trial judge’s opinion, dated March 3, 1961, in which he states as follows:
“In the case at bar we are concerned with an employee who understands his rights and obligations under the Workmen’s Compensation law; he reported no accident until approximately eight months after the alleged accident occurred, and the only reason offered for his failure to report same was that he did not realize he had sustained a hernia; he had previously sustained three hernias, which were repaired by operations; he performed his regular, heavy duties as a City police officer during the eight months period referred to, in close association with many members of the police force of the City of Lake Charles, apparently without any indication to his associates or superiors that he was working in alleged pain (as no proof was offered by fellow employees or members of his family to substantiate any such pain); and his failure to discuss his alleged accident and possible injury with his personal physician for a period of eight months, particularly on two occasions when consulting that physician in relation to other medical troubles, with the other circumstances mentioned, leaves too much to conjecture in view of the law requiring the plaintiff in a compensation case as in other civil cases, to establish his claim by a preponderance of the evidence with legal- certainty. If we should assume that plaintiff sustained an accident on March 18, 1958, as alleged, we cannot further assume that the small hernia discovered in November, 1958, was caused by the alleged accident, as the facts and circumstances of this case would deny such further assumption.”
Since the evidence reflects that plaintiff did not report the accident to his superior officer, although he had had three previous hernias, made no complaint of the accident after the first day until he went to his doctor approximately eight months after the alleged accident, and continued to do his regular duties as a policeman, we conclude the trial judge was justified in finding plaintiff had not proven his case by a preponderance of the evidence.
For the reasons assigned, the judgment of the district court is affirmed at plaintiff’s costs.
Affirmed.